IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 20-764 (LPS) |
| | ) |
| EXTREME NETWORKS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT EXTREME NETWORKS, INC.'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

OF COUNSEL:

Andrew N. Thomases
Daniel W. Richards
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303
(650) 617-4000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Andrew Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
amoshos@mnat.com

*Attorneys for Defendant*

October 30, 2020

## TABLE OF CONTENTS

Page

| | | |
|---|---|---:|
| I. | Nature and Stage of the Proceedings | 1 |
| II. | Summary of Argument | 1 |
| III. | Statement of Facts | 1 |
| IV. | Legal Standard | 3 |
| V. | DataCloud Failed to Sufficiently Plead Induced Infringement | 4 |
| VI. | Conclusion | 6 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................................3

*Bos. Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019)...................................................................................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015).......................................................................................................5

*LoganTree LP v. Omron Healthcare, Inc.*,
  No. 18-cv-1617, 2019 WL 4538730 (D. Del. Sept. 19, 2019)...........................................4

*Malleus v. George*,
  641 F.3d 560 (3d Cir. 2011)...............................................................................................4

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997)...............................................................................................3

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)..........................................................................................4

*Nami v. Fauver*,
  82 F.3d 63 (3d Cir. 1996)...................................................................................................3

*Trzaska v. L'Oreal USA, Inc.*,
  865 F.3d 155 (3d Cir. 2017)...............................................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
  No. 18-cv-966, 2019 WL 1349468 (D. Del. Mar. 26, 2019).............................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................................3

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

On June 5, 2020, DataCloud Technologies, LLC ("Plaintiff" or "DataCloud") filed a complaint (D.I. 1, "Complaint"), alleging that defendant Extreme Networks, Inc. ("Extreme" or "Defendant") directly and indirectly infringes claims of U.S. Patent Nos. 6,560,613 ("'613 patent"); 6,651,063 ("'063 patent"); 8,370,457 ("'457 patent"); and 8,762,498 ("'498 patent") (collectively, "Asserted Patents"). Extreme has moved to dismiss the indirect infringement claims. This is Extreme's opening brief in support of that motion.

**II.    SUMMARY OF ARGUMENT**

DataCloud's induced infringement allegations are fatally flawed. Despite the clear law in this Court that inducement requires plausible allegations of both *pre-expiration* and *pre-suit* knowledge of both the asserted patent(s) and alleged infringement thereof, DataCloud did not plead any such knowledge. All of the Asserted Patents expired on or before April 4, 2020, before this action was filed. And according to DataCloud, the earliest that Extreme was purportedly aware of the Asserted Patents was nearly two weeks later, on April 16, 2020. Even that allegation of purported notice on April 16th does not plead knowledge of alleged *infringement*—as required for inducement. Accordingly, DataCloud's induced infringement claims should be dismissed.

**III.   STATEMENT OF FACTS**

DataCloud's Complaint alleges that Extreme infringed the four Asserted Patents, including based on alleged induced infringement. *See* D.I. 1 ("Compl.") ¶¶ 24, 25, 34, 35, 43, 44, 51, 52.[1] As DataCloud acknowledges (*see* Compl. Ex. E at Exhibit A (listing the Asserted Patents as

---

[1] The Complaint does not allege contributory infringement.

1

"Recently Expired Patents")), each of these patents expired before the Complaint was filed, and before DataCloud first gave Extreme any alleged notice of the patents:[2]

'613 patent: expired no later than February 8, 2020;

'063 patent: expired no later than January 28, 2020;

'457 patent: expired no later than April 4, 2020 (*see* RJN, Exs. A, B);

'498 patent: expired no later than April 4, 2020 (*see* RJN, Exs. B, C).

The Complaint alleges that, after the Asserted Patents had expired, DataCloud sent Extreme a Notice Letter on April 16, 2020 "in which [DataCloud] identified DataCloud's patent portfolio." Compl. ¶ 17. That letter does not allege that Extreme infringed, directly or indirectly, any of the Asserted Patents. *See* Compl. Ex. E. Instead, it states that Extreme "may wish to have its patent counsel examine the patents listed in [an exhibit to the letter] to determine whether a non-exclusive license is needed . . . ." Compl. Ex. E. In the attached exhibit, DataCloud listed 35 "Active Issued" U.S. patents, and 10 "Recently Expired" U.S. patents, along with two patents from Taiwan and Japan. *Id.* The Asserted Patents are listed as four of the "Recently Expired" patents. *See id.*

The Complaint's patent-specific allegations do not plead any other facts evidencing purported ***pre-suit*** knowledge of alleged infringement. Instead, for each patent, the Complaint

---

[2] To the extent required, Extreme requests that the Court take Judicial Notice of Exs. A-C as public records that are evidence of the expiration dates of the '457 and '498 patents. *See* Request for Judicial Notice ("RJN") filed contemporaneously, Exs. A-C. These public records are excerpts from the prosecution histories of the '457 (RJN, Ex. A) and '498 (RJN, Ex. C) patents showing the accepted terminal disclaimers submitted by the Applicants; and U.S. Patent No. 7,209,959 ("'959 patent") (RJN, Ex. B). The '457 patent's terminal disclaimer disclaims the term of the patent extending beyond April 4, 2020, when the '959 patent expired, as can be calculated from the face of the '959 patent. RJN, Exs. A, B. The '498 patent's terminal disclaimer disclaims the term of the patent extending beyond this same date, when the '457 patent and '959 patent expired. RJN, Ex. C

identifies only a method claim and alleges induced infringement based on the fact that Extreme "instructs its customers" how to use accused products in a manner that allegedly infringes through "support and sales activities." *See* Compl. ¶¶ 23, 25, 32, 34, 41, 43, 50, 52. The Complaint pleads no other facts suggesting that Extreme had any knowledge or notice of the Asserted Patents pre-expiration—let alone knowledge of any purported infringement thereof either pre-expiration or pre-filing of the Complaint.

## IV.   LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It must set forth facts that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citation and quotations omitted). However, a court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences," *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 159 (3d Cir. 2017) (quotations omitted), or "self-evidently false" allegations, *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Thus, evaluating the sufficiency of a complaint is a three-step process: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3)

looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## V. DATACLOUD FAILED TO SUFFICIENTLY PLEAD INDUCED INFRINGEMENT

There are two independent reasons why DataCloud's induced infringement claims should be dismissed. To plead a claim for induced infringement, DataCloud must allege specific facts that Extreme had "knowledge of the patent in suit," ***and*** knowledge that it would cause a third party to infringe. *See Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 491 (D. Del. 2019) (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)); *accord Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018). The Complaint must plead that the accused infringer had the requisite knowledge before the asserted patent expired. *See LoganTree LP v. Omron Healthcare, Inc.*, No. 18-cv-1617, 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019) (granting motion to dismiss indirect infringement claims where Plaintiff "failed to plead in its Complaint that [Defendant] had knowledge of the [asserted patent] prior to its expiration"). The Complaint also must plead that the accused infringer had the requisite knowledge before the service of the complaint. *See*, *e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 18-cv-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge."). Because the Asserted Patents expired before any alleged notice to Extreme and before the filing of this suit, DataCloud failed to plead either (1) that Extreme had the requisite, pre-expiration knowledge of the Asserted Patents or (2) that Extreme had the requisite, pre-filing knowledge that it would cause a third party to infringe.

***First***, the Complaint does not plead any facts showing that Extreme had knowledge of the Asserted Patents before they expired. The Asserted Patents expired on or before April 4, 2020,

4

nearly two weeks before DataCloud sent its April 16, 2020 Notice Letter.  *See* Compl. ¶ 17, Ex. E.  DataCloud does not plead any facts suggesting that Extreme had any knowledge of the patents prior to their expiration.  Because the April 16, 2020 letter was sent after the Asserted Patents had expired, the letter cannot be the basis for any alleged knowledge required for induced infringement.  For this reason alone, DataCloud's induced infringement claims should be dismissed.

***Second***, even if the Asserted Patents had not expired before DataCloud sent the Notice Letter, the Complaint would still be deficient because it does not plead any facts showing that Extreme had knowledge, before the Complaint was filed, that Extreme's conduct would cause any alleged infringement by a third party of the Asserted Patents.  Although DataCloud does plead that it sent Extreme a Notice Letter on April 16, 2020, which includes the Asserted Patents in a list of expired patents in the DataCloud portfolio, this letter does not provide any notice of alleged infringement, and instead simply invites Extreme to consult counsel to determine "whether a non-exclusive license" to a list of dozens of patents "is needed."  Compl. Ex. E.  Merely identifying the existence of the Asserted Patents, alongside dozens of other patents, without ***any*** allegations of purported infringement, is insufficient to plead liability for induced infringement.  *See Commil*, 135 S. Ct. at 1926 (holding mere "knowledge of the patent" insufficient for inducement because "liability for induced infringement can only attach if the defendant knew of the patent and knew as well that the induced acts constitute patent infringement") (citation and quotations omitted).  The letter therefore cannot serve as the basis for pre-suit knowledge of alleged infringement required for induced infringement.

Thus, the Complaint fails to plead any facts showing (1) alleged knowledge of the Asserted Patents before they expired, and (2) even if the Asserted Patents had not expired, any purported knowledge of a third party's alleged infringement prior to the filing of the Complaint.

Accordingly, the Complaint fails to plead the knowledge required for induced infringement. Because these deficiencies cannot be corrected, the allegations of indirect infringement should be dismissed with prejudice.

## VI.   CONCLUSION

For the reasons stated above, Extreme respectfully requests that DataCloud's claims for induced infringement be dismissed with prejudice.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Andrew Moshos* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Andrew Moshos (#6685)<br>1201 North Market Street |
| Andrew N. Thomases<br>Daniel W. Richards<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303<br>(650) 617-4000 | P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>amoshos@mnat.com |
| | *Attorneys for Defendant* |
| October 30, 2020 | |

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 30, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>STAMOULIS & WEINBLATT, LLC<br>800 North West Street Third Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| James F. McDonough, III, Esquire<br>Jonathan R. Miller, Esquire<br>Travis E. Lynch, Esquire<br>HENINGER GARRISON DAVIS, LLC<br>3621Vinings Slope, Suite 4320<br>Atlanta, GA  30339<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Andrew Moshos*
_____
Andrew Moshos (#6685)