IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 20-764 (LPS) |
| | ) |
| EXTREME NETWORKS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
RE: OPENING BRIEF IN SUPPORT OF ITS MOTION TO
<u>DISMISS PLAINTIFFS' INDIRECT INFRINGEMENT CLAIMS</u>**

OF COUNSEL:

Andrew N. Thomases
Daniel W. Richards
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303
(650) 617-4000

October 30, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Andrew Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
amoshos@mnat.com

*Attorneys for Defendant*

Pursuant to Federal Rule of Evidence 201, Extreme Networks, Inc. ("Extreme") respectfully requests that this Court take judicial notice of the following documents, which are matters of public record and are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned:

- **Exhibit A:** Excerpts from the prosecution history for U.S. Patent Application No. 11/717,911, which issued as U.S. Patent No. 8,370,457, including a terminal disclaimer filed with the U.S. Patent and Trademark Office ("USPTO"), and the USPTO's approval of the terminal disclaimer, retrieved from the USPTO PAIR portal, *available at* https://portal.uspto.gov/pair/PublicPair;

- **Exhibit B**: A copy of U.S. Patent No. 7,209,959, retrieved from the USPTO, Full-Text and Image Database, *available at* http://patft.uspto.gov/; and

- **Exhibit C**: Excerpts from the prosecution history for U.S. Patent Application No. 13/731,731, which issued as U.S. Patent No. 8,762,498, including a terminal disclaimer filed with the USPTO, and the USPTO's approval of the terminal disclaimer, retrieved from the USPTO PAIR portal, *available at* https://portal.uspto.gov/pair/PublicPair.

## **ARGUMENT**

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2). Courts may take judicial notice of published

patents and documents taken from a patent's prosecution history.  *See Pepitone v. Am. Standard, Inc.*, 983 F.2d 1087, 1992 WL 336539, at *3 n.1 (Fed. Cir. 1992) ("[W]e may take judicial notice of published patents under Fed. R. Evid. 201(b) & (c)."); *Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014), a*ff'd sub nom. Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016) ("A court may also take judicial notice of the prosecution histories, which are public records.") (citation and quotations omitted); *Irrevocable Tr. of Antonious v. Nike, Inc.*, No. 11-CV-06327(KM), 2016 WL 3176576, at *6 (D.N.J. June 2, 2016) ("I may of course take judicial notice of the *existence* of a publicly filed patent.").  "A court may consider judicially noticeable facts without converting a motion to dismiss into a motion for summary judgment."  *Feingold v. Graff*, 516 F. App'x 223, 225 (3d Cir. 2013); *Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 682 (D. Del. 2013) (explaining same principle).

Extreme requests the Court take judicial notice of Exhibits A-C as evidence of the expiration dates of two of the asserted patents in this case.  Exhibit B is a true and correct copy of a United States patent, publicly available for download on the USPTO website.  Exhibits A and C are true and correct copies of excerpts from the file histories of two of the patents at issue in this case.  Accordingly, the Court may properly take judicial notice of these exhibits.  *See Pepitone*, 1992 WL 336539, at *3 n.1; *Genetic Techs.*, 72 F. Supp. 3d at 526.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Andrew N. Thomases<br>Daniel W. Richards<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303<br>(650) 617-4000<br><br>October 30, 2020 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Andrew Moshos*<br><br>Jack B. Blumenfeld (#1014)<br>Andrew Moshos (#6685)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>amoshos@mnat.com<br><br>*Attorneys for Defendant* |

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 30, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>STAMOULIS & WEINBLATT, LLC<br>800 North West Street Third Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| James F. McDonough, III, Esquire<br>Jonathan R. Miller, Esquire<br>Travis E. Lynch, Esquire<br>HENINGER GARRISON DAVIS, LLC<br>3621Vinings Slope, Suite 4320<br>Atlanta, GA  30339<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Andrew Moshos*
_____
Andrew Moshos (#6685)